# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| | ) CIVIL ACTION NO.<br>) 05-5081<br>) |
| v. | )<br>) |
| GUARANTEED AUTO FINANCE, INC.<br>d/b/a AUTO MASTER | )<br>)<br>)<br>) |
| Defendant. | ) |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "Commission") against the Defendant, Guaranteed Auto Finance, Inc. d/b/a Auto Master (hereinafter "Defendant), to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII), and the Civil Rights Act of 1991, 42 U.S.C. §1981a, and to remedy unlawful practices alleged in the Complaint filed in this action.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. This Decree shall not be admissible in any other civil actions other than actions arising out of the rights and obligations of the parties under this Decree.

Defendant denies taking any action that constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant contends that entry into this Consent Decree does not constitute an admission of any violation of Title VII by Defendant.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations and the pleadings submitted by the parties and hereby approves the Consent Decree.

**NOW, THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## I. JURISDICTION

The United States District Court for the Western District of Arkansas, Fayetteville Division, has jurisdiction over the parties and subject matter of this litigation.

## II. SCOPE AND DURATION OF DECREE

A. This Consent Decree resolves all issues and claims arising out of the Commission's Complaint in this cause alleging unlawful employment policies and practices maintained by the Defendant and arising out of Charge No. 251- 2004-03625 filed by Melvin Flores with the Commission. Notwithstanding any provisions contained in this Decree, this Agreement shall not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 251-2004-03625.

B. The provisions of this Consent Decree shall continue to be effective and binding upon the parties to this action for a period of three years from the date of the entry of this Decree, with the exception of Section VI E (neutral reference) which shall be in effect permanently.

## III. NON-DISCRIMINATION PROVISION

A. Defendant, its officers, agents, employees, and all persons acting in concert with the Defendant agree to refrain from engaging in any employment practice which has the purpose or effect of discriminating against any employee because of the employee's religious

beliefs. Defendant will provide reasonable accommodations to the sincerely held religious beliefs of its employees unless to do so would constitute an undue hardship.

B. Defendant agrees to train its supervisors and managers in the requirements of Title VII of the Civil Rights Act of 1964, as amended, regarding providing reasonable accommodation to the sincerely held religious beliefs of its employees. This training session will be conducted within ninety (90) days of the entry of this Decree. A list of the employees that attend the training session, a copy of the syllabus, and a copy of the training materials will be provided to EEOC within thirty (30) days of the training session.

C. Defendant will provide a copy of its equal employment opportunity policy to all of its employees within thirty (30) days of the entry of this Decree.

## IV. NON-RETALIATION PROVISION

Defendant, its officers, agents, employees, and all persons acting in concert with Defendant shall not take any retaliatory measure against Melvin Flores or any employee for opposing practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or for making a charge or complaint to the EEOC, testifying, assisting, or participating in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, as amended.

## V. NOTICE

Defendant shall conspicuously post the notice (poster) required to be posted by Title VII of the Civil Rights Act of 1964, as amended. Furthermore, Defendant shall conspicuously post the notice at Appendix A of this Decree for a one year period commencing within ten (10) days after entry of this Decree by the Court.

## VI. **INDIVIDUAL RELIEF**

A.  Defendant agrees to expunge the personnel records of Melvin Flores of any potentially unfavorable or adverse personnel comments regarding any aspect of his employment with Defendant. Defendant shall expunge from these employment records any reference to the litigation of the matter and Mr. Flores filing an EEOC charge of discrimination.

B.  Defendant shall deliver a cashier's check or business check, payable to "Melvin Flores" in the amount of $55,000 in damages, forwarded to the following address:

> Melvin Flores
> 514 Applewood Ave.
> Lowell, AR 72745

The check should be mailed to the above referenced address within ten (10) days after entry of this Decree by the Court.

C.  Defendant shall forward a copy of the check to William A. Cash Jr. at the EEOC Office in Little Rock, Arkansas, within ten (10) days of entry of this Decree by the Court.

D.  Defendant agrees to give a neutral reference to any potential employer of Melvin Flores who requests a job reference. Any such neutral reference shall be identical to the form demonstrated in Appendix B. No mention of the charge of discrimination filed by Melvin Flores or this lawsuit will be made as part of the neutral reference.

E.  Melvin Flores waives reinstatement to his former position or any other position at AutoMaster.

## VII. COSTS

Plaintiff EEOC and Defendant shall bear their own costs, including attorneys' fees.

SO ORDERED THIS _14_ DAY OF _March_, 2006.

_____
UNITED STATES DISTRICT JUDGE

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| | */s/ Whitney L. Moore* |
| | **GLENN W. JONES** |
| **JAMES LEE** | **WHITNEY L. MOORE** |
| Deputy General Counsel | Barber, McCaskill, Jones & |
| | Hales, P.A. |
| **GWENDOLYN YOUNG REAMS** | 400 W. Capitol Ave., Ste. 2700 |
| Associate General Counsel | Little Rock, AR 72201 |

*/s/ A. Rapport / by WM*
**ADELE RAPPORT**
Acting Regional Attorney

*/s/ T. Beck / by WM*
**TERRY BECK**
Supervisory Trial Attorney

*/s/ William A. Cash, Jr.*
**WILLIAM A. CASH, JR.**
Senior Trial Attorney

*/s/ Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
Telephone:   (501) 324-5539
             (501) 324-5065